UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DANIEL LEE JONES**                                            **CIVIL ACTION**

**versus**                                                              **NO. 12-2940**

**ATTORNEY GENERAL,**                                  **SECTION: "N" (3)**
**STATE OF LOUISIANA**

<u>**REPORT AND RECOMMENDATION**</u>

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Daniel Lee Jones, was charged with aggravated battery under Louisiana law by a bill of information filed on July 16, 2012.[1]  During his arraignment on August 14, 2012, he was twice found in contempt of court and sentenced to thirty days in parish jail on the first

---

[1] State Rec., Vol. I of I.

occasion and to a consecutive term of sixth months in parish jail on the second.[2]  The trial on his underlying criminal charge was scheduled for February 19, 2013,[3] but is unclear if it was in fact held on that date and, if so, what transpired.

In the interim, on or about November 27, 2012, petitioner filed the instant application for federal *habeas corpus* relief.  In his federal application, it is unclear whether he meant to challenge his convictions for contempt, which would fall under 28 U.S.C. § 2254, or his pending state criminal prosecution, which would fall under 28 U.S.C. § 2241, or both.[4] However, regardless, the result is the same because, in either event, a *habeas* petitioner must first exhaust his remedies in the state courts before seeking federal relief, and he has not complied with that requirement.

When a petitioner is seeking relief pursuant to 28 U.S.C. § 2254, exhaustion is required by statute.  28 U.S.C. § 2254(b)(1)(A).  Further, although there is no statutory exhaustion requirement under 28 U.S.C. § 2241, jurisprudence clearly imposes such a requirement.  Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-492 (1973); Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995).  Regarding the exhaustion requirement, the United States Fifth Circuit Court of Appeals has held:

---

[2] State Rec., Vol. I of I, minute entry dated August 14, 2012.

[3] State Rec., Vol. I of I, minute entry dated December 10, 2012.

[4] Under federal law, 28 U.S.C. § 2254 "applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'  28 U.S.C. §§ 2254(a) and (b). Pre-trial petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."  Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987).

> [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)) (emphasis added).

Petitioner does not indicate in his federal petition that he has sought review of any of his claims by the Louisiana Supreme Court.  Moreover, this Court contacted the Clerk of Court of the Louisiana Supreme Court by telephone on February 26, 2013, and confirmed that petitioner has filed no writ applications whatsoever in that court with respect to either the contempt convictions or the prosecution for aggravated battery.

Because petitioner has not presented his claims to the state's highest court, the Louisiana Supreme Court, and thereby given that court a "fair opportunity" to pass upon those claims, the claims are unexhausted.  Therefore, he should not be granted relief under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Daniel Lee Jones** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this fifth day of March, 2013.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.